UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHY J. WOODBURY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:11-CV-1049 (CEJ) |
| | ) |
| COURTYARD MANAGEMENT | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County). Defendant Courtyard Management Corporation has filed a memorandum in opposition.

**I.  Background**

Plaintiff brings this action to recover damages for physical injuries she sustained while a guest at a St. Louis hotel owned and operated by defendants Courtyard Management Corp. and Marriott International, Inc. Plaintiff also asserts claims against Fiserv, Inc. and a John Doe defendant. According to the complaint, Fiserv was plaintiff's employer at the time of the accident and may assert an interest in this suit based upon its payment of plaintiff's medical expenses and other benefits under Wisconsin's workers' compensation statute. See WISC. STAT. § 102.29(1).[1] Plaintiff

---

[1] The statute provides, in relevant part: "(1) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employee shall not affect the right of the employee, the employee's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party . . . The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such

alleges that Doe was acting as an employee or agent of Courtyard and Marriott at the time of the incident. Plaintiff is a citizen of Wisconsin. Both Courtyard and Marriott are Delaware corporations with their principal places of business in Maryland. Fiserv is a Wisconsin corporation with its principal place of business in Wisconsin.

Courtyard removed this matter on June 9, 2011 based on 28 U.S.C. §§ 1441 and 1332(a). In her motion for remand, plaintiff claims that Fiserv has been properly joined as a party and, because plaintiff and Fiserv are Wisconsin citizens, complete diversity is absent. Courtyard asserts that Fiserv is not a real party in interest and, therefore, its citizenship should be disregarded for purposes of determining diversity jurisdiction. As an alternative to remand, plaintiff requests leave to conduct limited discovery to enable her to name the John Doe defendant and to identify additional tortfeasors. She also asks for leave to amend the complaint to add specificity to her claim with respect to Fiserv and for leave to supplement her motion for remand.

## II.  Discussion

The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). All doubts about federal jurisdiction should be resolved in favor of remand to state court. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

### A.  Motion to Remand

Generally, federal jurisdiction over a removed action is proper if the complaint could originally have been filed in federal court. 28 U.S.C. § 1441; Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir.2005). Courtyard removed this matter based on diversity jurisdiction under 28 U.S.C. § 1332(a). Section 1332(a) requires that all adverse

---

injury or death." WISC. STAT. § 102.29(1).

parties be citizens of different states and that the amount in controversy exceed $75,000, exclusive of interest and costs. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The parties do not dispute that the amount in controversy requirement has been met.

Plaintiff and Fiserv are both citizens of Wisconsin, which would appear to defeat complete diversity. Courtyard, however, argues that Fiserv is not an interested party in this litigation and, as such, Fiserv's presence in the case should not be allowed to destroy diversity. The Court agrees that Fiserv is merely a nominal party and that its interests are not adverse to plaintiff's.

In Indianapolis v. Chase National Bank, 314 U.S. 63 (1941), the Court wrote:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interests exists is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute.

Id. at 69. "The Supreme Court emphasized that the parties with the same 'real interests' must be aligned on the same side." Belcher v. United Parcel Service, Inc., 2009 WL 4912169 (N.D. Okla. 2009) (quoting Chase National Bank, 314 U.S. at 69).

In Lund v. Universal Furniture Industries, Inc., 2007 WL 5595963 (W.D. Wis. 2007), the court found that the right to reimbursement under WISC. STAT. § 102.29(1) generally does not create an adverse interest between a plaintiff and the provider of worker's compensation benefits (Fiserv) in a suit against a third-party. Following the analysis in Lund, plaintiff and Fiserv do not have adverse interests and should be aligned on the same side. Id.; cf. Belcher, 2009 WL 4912169 (worker-compensation reimbursement right may create adverse interest in some circumstances). Thus, when

the parties are properly aligned, the complete diversity requirement in § 1332(a) is met because the parties who have adverse interests are citizens of different states. Borchert, 486 F.3d at 346.

Even when there is diversity of citizenship, removal is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This so-called "forum defendant" rule is jurisdictional in nature. See Horton v. Conklin, 431 F.3d 602 (8th Cir. 2005) (citing Hurt v. Dow Chemical Company, 963 F.2d 1142, 1146 (8th Cir. 1992)). Here, plaintiff alleges that defendant Doe is a citizen of a Missouri. For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). As such, the Missouri citizenship of defendant Doe does is not a bar to removal.

### B. Requests for Discovery and Amendment of Pleadings

Plaintiff, as an alternative to remand, requests leave to conduct jurisdictional discovery in order to determine the identity of defendant Doe and to identify other potential tortfeasors who are Missouri citizens. Under the forum defendant rule in § 1441(b), removal is permissible only when none of the parties "properly joined and served" is a citizen of the forum state. Thus, the joinder of a forum defendant who was not served at the time of removal will not defeat removal. Brake v. Reser's Fine Foods, Inc., 2009 WL 213013 (E.D.Mo. 2009). Discovery to identify defendant Doe and other potential defendants would not aid plaintiff in her motion for remand.

Plaintiff next requests that she be granted leave to amend her complaint. Amendment of pleadings is governed by Fed. R. Civ. P. 15(a)(2) and 28 U.S.C. § 1447(e).

Rule 15(a)(2) provides that a "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001). 28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Courts have generally held that § 1447(e) gives the court the authority to deny joinder notwithstanding any right the plaintiff may have to amend under Rule 15. Trinity Hospice, Inc. v. Miles, No. 4:06CV1674, 2006 WL 3825287 (E.D. Mo. 2006) (collecting cases). In exercising its discretion under § 1447(e), the Court examines "[t]he extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Kirk v. Metlife Investors USA Ins. Co., No. 1:07CV00140, 2007 WL 4395632 (E.D. Mo. 2007) (quoting Alpers Jobbing Co. v. Northland Casualty Co., 173 F.R.D. 517, 520 (E.D.Mo .1997). As recently discussed in Bayer Cropscience L.P., 563 F.3d 302, 307 (8th Cir. 2009), leave to amend under 28 U.S.C. § 1447(e) also requires the court to determine whether the amendment involves the addition of parties that are considered necessary or dispensable under Fed. R. Civ. P. 19(a)-(b).

Because the plaintiff has not submitted a proposed amended complaint, the Court cannot determine the propriety of granting leave to amend under Rule 15(a)(2)

-5-

or § 1447(e). Therefore, her request will be denied.

Finally, the Court will also deny plaintiff's request that she be allowed to supplement her motion to remand after conducting further discovery and amending her complaint. For the reasons discussed above, the grounds raised in plaintiff's motion to remand are without merit. Should plaintiff discover some other ground for remand, she may filed a new motion for remand at that time.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion by plaintiff for remand [Doc. #7] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's requests to conduct jurisdictional discovery and to supplement her motion for remand are **denied**.

**IT IS FURTHER ORDERED** that plaintiff's request for leave to file an amended complaint is **denied without prejudice**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2012.