UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CATHY J. WOODBURY,

      Plaintiff,                    Case No: 4:11-CV-1049

  -vs-

MARRIOTT INTERNATIONAL, INC.,
COURTYARD BY MARRIOTT II, L.P.,
COURTYARD MANAGEMENT
CORPORATION and FISERV, INC.

      Defendants.

## PLAINTIFF'S TRIAL BRIEF

This is an Innkeeper's liability and negligence damages lawsuit filed by plaintiff, Cathy Woodbury, against defendants Marriott International, Inc., Courtyard by Marriott II, L.P. and Courtyard Management Corporation, for personal injuries sustained on December 10, 2007 at the Courtyard by Marriott St. Louis Westport hotel. Plaintiff claims both compensatory and punitive damages in this lawsuit by virtue of her serious injuries.

Missouri law imposes an affirmative duty on Innkeepers to protect the safety of their paying guests. An Innkeeper's obligation includes the legal duty to inspect hotel rooms occupied by a guest to discover and correct all existing dangerous or defective conditions. *Wilder v. Chase Resorts, Inc.*, 543 S.W. 2d 527 (MO App. S.D. 1976); *Lonnecker v. Borris*, 229 S.W. 2d 524 (MO 1950). All three of the sued Marriott defendants violated their Innkeepers duties owed to the plaintiff regarding the unsafe and defective Charlie bar

installed in plaintiff's hotel room 250 and they are liable for plaintiff's compensatory damages under Missouri law.

Sued defendant Marriott International, Inc, which has ultimate control over the two sued Marriott subsidiary defendants and ultimate corporate control over the unsafe and defective Charlie bar that was installed in Courtyard hotel room 250 is additionally liable for punitive damages for recklessly and willfully allowing plaintiff Woodbury to become injured. Plaintiff's evidence at trial will show that defendant Marriott International, Inc. recklessly delayed taking corporate wide hotel safety corrective action for nine months after corporate executive employees had received actual knowledge of two prior similar hotel guest lockout and balcony escape customer injury accidents in February, 2007 and May, 2007 caused by known to be unreliable, unsafely maintained, and defective Charlie Bar security devices of a type installed nationally throughout all Courtyard hotels.

By virtue of defendant Marriott International, Inc.'s intentional and unreasonable delay and reckless failure to act and communicate known hotel customer danger to Courtyard hotel managers nationally, plaintiff Cathy Woodbury was allowed to become the third Courtyard by Marriott guest to become trapped on an outside balcony and seriously injured. Based on this egregious reckless and willful misconduct, plaintiff will request punitive damages at trial.

As the Court has recently held, the plaintiff "has presented sufficient evidence from which a reasonable juror could find that the Courtyard defendants consciously disregarded the probability of injury." (Order, 8/14/13, p.8 [#56]) In denying the defendants' motion for summary judgment on punitive damages, the Court noted the prior two Charlie bar lockouts

2

that caused injury, the lack of warning signs, the lack of any instructions given plaintiff regarding how to use the Charlie bar, the finding by the plaintiff's expert of bending and deformation in Charlie bars after the accident, and the "March 28, 2008 memorandum issued by defendant Marriott International, Inc. that provides instructions on how to eliminate the possibility of Charlie bar lockouts in light of the 'three incidents' in which hotel guests were trapped on their balconies. Pl. Ex. 7 [Doc. # 52]." (Order, 8/14/13, p.8 [#56]). The Court concluded that, based on this evidence, "a reasonable juror could conclude that the Courtyard defendants were not only aware of a risk of injury posed by the defective Charlie bar device but consciously disregarded that risk." (Order, 8/14/13, p.8 [#56]).

While it is impossible for the plaintiff to anticipate all of the evidentiary issues that might arise at trial until the plaintiff has had an opportunity to review any objections the defendants raise to the plaintiff's proposed witnesses and exhibits, the plaintiff does anticipate that the Court will need to address defense challenges to the scope of the evidence that will be admissible at trial in light of the Court's holding that the plaintiff has sufficient suitable evidence to submit to the jury in support of punitive damages.

The plaintiff will present at trial witness testimony and documentary evidence, including defendants' corporate records and internal emails, that will show defendants' corporate knowledge of a known to be dangerous and hazardous condition and an urgent need to take prompt action to protect its paying guests. The evidence will show that instead of taking this prompt action, the defendant Marriott International and its executives made a conscious calculation and decided to needlessly and recklessly delay action until after the

3

plaintiff's accident. Based on the evidence that will be presented at trial, a jury could reasonably find and determine that defendant Marriott International, Inc.'s reckless delay in implementing corporate wide hotel chain safety action was conscious, willful, intentional, and outrageous conduct attempting to hide and conceal a known safety problem which recklessly disregarded plaintiff's right to be reasonably safe in her assigned Courtyard hotel room.

Based on the Court's order and the governing law on punitive damages, the pending punitive damages claim, as well as the innkeeper negligence claim, create an expansive and broad base for the admission of evidence that is relevant and material to show the forseeability and probability of harm, the known unreliable and defective condition of the Charlie bars, defendants' conscious disregard of the safety of their guests, their knowledge of the hazardous condition, the reasonableness and forseeability of the plaintiff's response to the Charlie bar malfunction, and defendants' reckless response to that hazard despite awareness of the danger and feasible responses to it—both before and after the plaintiff's accident.

The presence of the pending punitive damages claim at trial also makes relevant and admissible evidence of the defendants' financial condition and corporate wealth. *See, e.g., Collins v. Hertenstein*, 90 S.W.3d 87, 105 (Mo. Ct. App. 2002); *accord Call v. Heard*, 925 S.W.2d 840, 849-50 (Mo. 1996); *Trickey v. Kaman Indus. Techs. Corp.*, 2011 U.S. Dist. LEXIS 135386, 19 (E.D. Mo. Nov. 23, 2011). The plaintiff anticipates that the defendants might object to the introduction by the plaintiff of their annual  net income and gross sales, assets, net worth, and profits from the time of the accident as well as the time of trial. The

plaintiff's position is that some limited subset of the defendants' public published financial information is relevant, admissible, and necessary to present to the jury at trial so it can fashion an appropriate punitive damages award against Marriott International Inc.

                                        KASDORF, LEWIS & SWIETLIK, S.C.
                                        Attorneys for plaintiff, Cathy J. Woodbury.

8/2713                              /s/ James J. Kriva
Date                                 James J. Kriva - WI State Bar No. 1018408

                                        THE MILLER/SALSBURY LAW FIRM
                                        Attorneys for plaintiff, Cathy J. Woodbury.

8/2713                              /s/ George J. Miller
Date                                 George J. Miller – MO Bar No. 19147