UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHY J. WOODBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1049 (CEJ) |
| ) | |
| COURTYARD MANAGEMENT, ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment against defendant Fiserv, Inc. (Fiserv) or, in the alternative, for declaratory judgment, and for approval of the settlement agreement between plaintiff and defendants Courtyard Management Corporation, Marriott International, Inc., and Courtyard By Marriott II, L.P. (collectively, the "Marriott defendants"). Defendant Fiserv has filed a response in opposition, and the issues are fully briefed.

I.   Background

On April 21, 2011, plaintiff filed this action against the Marriott defendants in the Circuit Court of St. Louis County, Missouri, seeking to recover damages for injuries she sustained in a fall from the balcony of her hotel room. At the time of her injury plaintiff was traveling on business for her employer, Fiserv, located in Wisconsin. After the incident, plaintiff filed a claim for workers' compensation benefits in Wisconsin and received $178,583.74 from Fiserv's insurer.

In the caption of the original complaint, plaintiff designated Fiserv as an "Interested Party," while the Marriott entities and their alleged employee "John Doe" were designated as "Defendants." The sole allegation against Fiserv appears in Paragraph 5 of the complaint as follows:

> That Fiserv, Inc. is now, and was at all times herein mentioned, a Wisconsin Corporation, and was plaintiff's employer at the time of her fall and injuries hereinafter mentioned and, as such, is an Interested Party, under the laws of the State of Wisconsin, *which is not being sued as a defendant*, but which is being *joined in this lawsuit by virtue of its asserted lien interest* by reason of its payment of medical expenses and benefits to plaintiff arising out of plaintiff's employment, work-related accident, damages and injuries, all as hereinafter referred to, which payments were made under and by virtue of the laws of the State of Wisconsin. [Doc. # 1-1, at 3, ¶ 5 (emphasis added)].

In the prayer of the complaint, plaintiff seeks judgment only against the Marriott defendants and defendant John Doe.

On June 9, 2011, the case was removed to this district court, pursuant 28 U.S.C. § 1441(b), on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [Doc. #1]. On December 7, 2012, plaintiff filed an amended complaint. [Doc. #26]. The allegation against Fiserv that appeared in the original complaint was repeated in the amended complaint. However, in the caption of the amended complaint Fiserv is designated as a "defendant." In the prayer, plaintiff sought damages against the Marriott defendants and a "declaration of lien rights, if any, as to Fiserv, Inc." After being served with the amended complaint, Fiserv did not file an answer or other responsive pleading.

Plaintiff and the Marriott defendants reached a settlement and shortly thereafter the instant motion was filed.

II.   Discussion

   A.   Default Judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed.R.Civ.P. 55(a). "It is within the discretion of the Court to enter a

2

default judgment against a party who has failed to plead or defend." United States v. U.S. Currency in amount of $13,000.00, 2012 WL 5422316, at *1 (W.D. Mo. Nov. 6, 2012). "Prior to the entry of a default judgment, a court should satisfy itself that the plaintiff is entitled to judgment, by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim." United States of Ameriva v. $69,910, Case No. 4:13-CV-771 (E.D. Mo. July 16, 2013).

Plaintiff does not contend that Fiserv caused or contributed to her injuries. She seeks no monetary relief from Fiserv. There is only one allegation in the complaint that directly concerns Fiserv, and that allegation simply states that Fiserv has a lien interest by virtue of workers' compensation benefits paid to plaintiff. Although plaintiff prays for a declaration of Fiserv's lien rights, she makes no allegation in the complaint suggesting that the lien rights are in dispute. Also absent from the complaint is any mention of the Wisconsin and Missouri workers' compensation statutes. Plaintiff alleges no conflict between the two statutes, nor does she claim that the application of the Wisconsin statute would be contrary to the public policy of Missouri. In sum, there are no allegations in the complaint that invited (or demanded) a response from Fiserv.

Contrary to the designation in the caption, plaintiff states in the body of the amended complaint that Fiserv "is not being sued as a defendant." Rule 12(a) (1)(A) Fed.R.Civ.P. provides that "[a] defendant must serve an answer." Because Fiserv is not a defendant, no answer was required.

For these reasons, there is no basis for granting default judgment against Fiserv.[1]

### B.    Declaratory Judgment

In the alternative to a default judgment, plaintiff seeks a declaration that Missouri law governs Fiserv's right to recover the workers' compensation benefits paid to plaintiff. Fiserv opposes this request and argues that its subrogation rights are governed by Wisconsin law, the state in which plaintiff filed her workers' compensation claim. Because jurisdiction of this case is based on diversity of citizenship, the Court must look to the substantive law of Missouri to determine Fiserv's subrogation rights. See Bethesda Hosp. v. United Commercial Travelers of America, 596 F.3d 986, 987 (8th Cir. 2010).

Plaintiff cites to Langston v. Hayden, 886 S.W.2d 82 (Mo. Ct. App. 1994), a case whose facts are very similar to those here. In Langston, plaintiff sustained injuries in Missouri while on a business trip for her Kansas employer.  Plaintiff filed a workers' compensation claim in Kansas, which plaintiff's employer paid, and then brought suit against her tortfeasors in Missouri. Id. at 84.  The parties disagreed over whether the subrogation rights of plaintiff's employer should be determined by Missouri or Kansas law.  The court held that Kansas law should apply.  In making this determination, the court stated:

> When, as here, *workers' compensation benefits are claimed in one state for an accident which occurred in another*, the law generally states that the question of whether and to what extent the employer or the insurer is entitled to *subrogation or reimbursement* is to be *determined according*

---

[1]The relief plaintiff seeks with respect to Fiserv is a declaration as to the company's lien rights.  Thus, even if default judgment were entered the Court would be required to determine Fiserv's lien rights, if any.  This is the same determination that would have to be made in the declaratory judgment context.

4

> *to the provisions of the workers' compensation law under which the compensation for the employee's injury was paid*.

Id. at 85 (emphasis added).

To support this holding, Langston cited to various Missouri state cases. See McLendon v. Kissick, 250 S.W.2d 489, 493 (Mo. 1952) ("[T]he fact remains that plaintiffs chose to collect compensation under the Kansas law. They are bound by their choice."); Perry v. Carter, 620 S.W.2d 50, 52 (Mo. Ct. App. 1987) ("[T]he reimbursement rights of a workmen's compensation carrier are governed by the law of the state whose Workmen's Compensation Act was invoked by the claimant in obtaining benefits."); Farnham v. Daar, Inc., 184 F. Supp. 809, 811 (W.D. Mo. June 28, 1960) ("Missouri will follow the law of the state where the employee has accepted compensation, even though the employee is injured in Missouri.").

However, the choice of law analysis does not end here, as the Langston court further held that "[i]f the law of a foreign state violates [Missouri] public policy, as a general rule, it will not be enforced by [Missouri] courts." Id. at 86. Thus, in the instant case, plaintiff will be bound to follow the subrogation laws of Wisconsin as long as it does not violate Missouri public policy.

Both the Missouri and Wisconsin workers' compensation laws provide an employer with a right of subrogation or reimbursement against the tortfeasor responsible for the employee's injury. See Wis. Stat. § 102.29; Mo.Rev.Stat. § 287.150. The pertinent language of the applicable statutes is as follows:

> Whenever recovery against the third person is effected by the employee . . . the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee have been paid, the balance of the recovery shall be apportioned between the employer and the employee . . . in the same ratio that the amount due the employer bears to the total amount recovered if there is no finding of comparative fault

5

>on the part of the employee, or the total damages determined by the trier of fact if there is a finding of comparative fault on the part of the employee.

Mo.Rev.Stat. § 287.150.3.

>[T]he proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employee . . . Out of the balance remaining . . . the employer . . . shall be reimbursed for all payments made by the employer . . . [and] [a]ny balance remaining after the reimbursement . . . shall the paid to the employee[.]

Wis. Stat. § 102.29(1).

Plaintiff asserts that unlike the Wisconsin statute, Mo.Rev.Stat. § 287.150.3 reduces an employer's lien in the same ratio as the employee's comparative fault. The Court disagrees with plaintiff's interpretation of the comparative fault language in Mo.Rev.Stat. § 287.150.3. In Ryder Integrated Logistics, Inc. v. Royse, 125 F. Supp. 2d 375 (E.D. Mo. 2000), the court dealt with the issue of whether an employer's lien interest should be reduced if the employee's recovery from the tortfeasor was reduced by the employee's comparative fault. Ryder held that "[t]he plain language of the statute suggests that the legislature intended that a determination by a judge or jury of an employee's comparative fault be required to reduce an employer's subrogation interest." Id. at 381. "Settlement agreements entered into by parties, without a jury's verdict or a judge's decision (in a court-tried case), would therefore not be a 'finding' by a 'trier of fact' within the purview of § 287.150(3)." Id. at 381. In the instant case, plaintiff and the comparative fault percentage resulted from the settlement negotiations between plaintiff and the Marriott defendants---it was not the result of a decision by a jury or a judge. So, regardless of whether the Court applies Missouri or Wisconsin law, Fiserv would be entitled to subrogation without any consideration for plaintiff's comparative fault.

6

The only difference between the Missouri and Wisconsin statutes, as applied to the instant case, is the effect of attorneys' fees on Fiserv's lien.  Missouri requires the employer to "pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee." § 287.150.3. In contrast, Wisconsin provides reimbursement to the employer without a requirement that it share in the legal expenses involved in obtaining the recovery. § 102.29; see also Diedrick v. Hartford Accident & Indemnity Co., 216 N.W.2d 193, 194-96 (Wisc. 1974). Because the Wisconsin statute does not require the employer to pay attorneys' fees, plaintiff asserts that it conflicts with Missouri public policy.

Plaintiff argues that Mo.Rev.Stat. § 287.150.3 reflects the legislature's efforts (and hence, public policy) against having the injured employee shoulder the entire burden of attorneys' fees and costs when seeking to recover damages.  Plaintiff points to no legislative history, case law, or other authority to support this statement. Certainly, one could say that requiring the employer to share the expenses of litigation is good policy, but that doesn't make it Missouri public policy.

"The purpose of [§ 287.150] is to protect and benefit the employer liable for compensation, and the statute is designed to afford indemnity for compensation payable by the employer." Akers v. Warson Garden Apartments, 961 S.W. 2d 50, 56 (Mo. 1998) (*en banc*); see also Ryder, 125 F. Supp. 2d at 380. "The 'evil' or 'mischief' the legislature sought to cure by enacting [ § 287.150] was 'double recovery' by an injured employee, i.e., recovery from both a third-party tortfeasor and from an employer." Rose v. Falcon Communications, Inc., 6 S.W.3d 429, 431 (Mo. Ct. App. 1999), *quoting* Akers, 961 S.W.2d at 56.

As the above-cited cases make clear, the purposes behind the Missouri workers' compensation statute are to indemnify the employer and to prevent the employee

7

from obtaining a double recovery. Neither of these concerns would be compromised by applying Wisconsin law to Fiserv's subrogation right. Under either statute, plaintiff would not obtain a double recovery and Fiserv would be indemnified.  The Court concludes that the Wisconsin workers' compensation law governs with respect to Fiserv's lien rights.

### C. Approval of Settlement Agreement

The settlement agreement between plaintiff and the Marriott defendants is premised on the application of the  Missouri worker's compensation law.  Because the Court has determined that the Wisconsin statute applies, the Court cannot approve the proposed settlement.

* * *

For the reasons stated above,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment or, in the alternative, for declaratory judgment, and for approval of the proposed settlement with defendants Courtyard Management Corporation, Marriott International, Inc., and Courtyard By Marriott II, L.P. [Doc. #83] is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff and the Marriott defendants  shall have until **February 10, 2014**, to submit a proposed settlement agreement in conformity with this order.  If no proposed settlement agreement is submitted, the case will be rescheduled for trial.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2014.

8